UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM RAY HAMES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2462 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on petitioner William Ray Hames' petition for a writ of habeas corpus and respondent William Stephens' motion for summary judgment.   Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted and Hames' petition should be dismissed.

### I.    Background

Petitioner William Ray Hames was convicted of murder in the Fourth Criminal District Court of Dallas County, Texas.   On May 28, 1987, that court sentenced him to thirty years imprisonment.  Hames was released to mandatory supervision on January 16, 2001.

Hames was subsequently convicted in Harris County, Texas of possession of a firearm by a felon.   That offense was committed while Hames was on mandatory supervision from the murder sentence.   Hames was sentenced to eight years imprisonment on the firearm charge. Upon his return to prison, Hames forfeited ten years, six months, and twelve days of street time credit accrued during his time on mandatory supervision.

On August 27, 2012, Hames filed a time dispute resolution form with the Classification and Records Department ("CRD") of the Texas Department of Criminal Justice ("TDCJ").   On

September 13, 2012, the CRD informed Hames that he was not eligible to receive street time credit because he was convicted of murder.

On September 11, 2013, Hames filed a state application for a writ of habeas corpus challenging the loss of street time.  SH at 8.[1]  TDCJ responded.  The trial court entered findings of fact and conclusions of law, and recommended that Hames' application be denied.  SH at 32-35.  On March 5, 2014, the Texas Court of Criminal Appeals denied Hames' application without written order on the findings of the trial court.  *Id.* at Action Taken Page.  Hames filed this federal petition on May 7, 2014.

II.    Analysis

Stephens argues that Hames' petition is barred by the statute of limitations.  Under the controlling federal habeas corpus statute, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a State prisoner has one year in which to file a federal habeas corpus petition.  *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002).  Hames' limitations period began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. ' 2244(d)(1)(D).

Respondent argues that Hames could have discovered the forfeiture of street time on July 17, 2012, the date on which his mandatory supervision was revoked following his Harris County conviction.  Hames does not dispute the date, but argues that the forfeiture is based on TEX. GOV'T CODE ' 508.283(b), a statute that was enacted after his original conviction.  Because ' 508.283(b) was enacted after Hames' original conviction, Hames argues that it does not apply to

---

[1]    "SH" refers to the transcript of Hames' state habeas corpus proceeding.  The September 11, 2013, date is the date accompanying Hames' signature on the application.  Respondent assumes for the sake of argument that Hames mailed his application on the same day that he signed the application.  The Court will do the same.

him.  He thus argues that there is no legal basis for the time forfeiture, and implicitly argues that there was no factual predicate for him to discover upon his subsequent conviction.

TEX. GOV'T CODE ' 508.283(b) was enacted in 2001, well after Hames' 1987 murder conviction.  *See Ex Parte Spann*, 132 S.W.3d 390 (Tex.Crim.App. 2004).  The Fifth Circuit has held, however, that prisoners have no liberty interest in retaining street time upon revocation of release status.  *See*, *e.g.*, *Thompson v. Cockrell,* 263 F.3d 423, 426 (5th Cir. 2001).  TEX. GOV'T CODE ' 508.283(b) created a liberty interest in street time credit for certain categories of offenders.  Convicted murderers, however, are specifically excluded.  *See*, *id.*  Thus, contrary to Hames' argument, he did not forfeit his street time due to a retroactive application of section 508.283.  Rather, there was no protected liberty interest in retention of street time before enactment of section 508.283.  Moreover, that statute does not create any such liberty interest for convicted murderers such as Hames.  Thus, ' 508.283(b) did not change anything relevant to Hames' interest in retaining his street time, the factual predicate for Hames' claims could have been discovered on July 17, 2012, and Hames' limitations period began to run on that date. Absent tolling, the statute of limitations expired on July 17, 2013.

The statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .."  28 U.S.C. ' 2244(d)(2).  Hames filed his TDR on August 27, 2012, and the CRD responded on September 13, 2012.  Assuming that this dispute resolution process qualified as "other collateral proceedings" and tolled the statute of limitations, it would have added 22 days, extending Hames' deadline to August 8, 2013.  The record shows that Hames filed his state habeas corpus application on September 11, 2013, more than a month after the

federal statute of limitations expired.  Thus, there was nothing left for the state application to toll, and Hames' claims are time-barred.

The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances."  *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights.  "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling."  *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted).  Moreover, the Fifth Circuit has held that equitable tolling is not warranted on the basis of a petitioner's *pro se* status.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing an abuse of the writ).  Hames cites no rare or exceptional circumstance to justify equitable tolling.

## III.   Conclusion

For the foregoing reasons, respondent's motion for summary judgment is granted, and Hames' petition is dismissed with prejudice.

## IV.   Certificate of Appealability

Hames  has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an

appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Hames' petition and concludes that it is barred by the statute of limitations. The court concludes that jurists of reason would not find this Court's ruling debatable. This Court concludes that Hames is not entitled to a certificate of appealability.

## V.    Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A.    Respondent William Stephens' motion for summary judgment (Dkt. No. 16) is

GRANTED;

B.    Petitioner William Ray Hames' petition for a writ of habeas corpus (Dkt. No. 1) is

DISMISSED WITH PREJUDICE; and

C.    No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum

and Order.

SIGNED on this 17th day of August, 2015.

Kenneth M. Hoyt
United States District Judge